Well, you all have a special treat today. We are super excited and very pleased to have a visiting judge with us. This is a program that we haven't had in a while and should word get out, it's going to be happening regularly. So you will be seeing some some fun new faces on the bench here joining us from the district court. Okay, let's get on with our first case. We have an interesting slate of cases today. 22-1621, Dragon Intellectual Property v. DISH. Ms. Dreyer, please proceed. Thank you, your honors. May it please the court. Lauren Dreyer, counsel for DISH, arguing on behalf of appellants today. This case is about the scope of a broadly worded fee shifting statute, one in which the Supreme Court and Octane Fitness has instructed us that it imposes one and only one constraint on a district court's discretion. And that is for the case to be exceptional. There are two statutory interpretation issues of 285 presented today, joint and several liability, and the recovery of IPR fees, and I'd like to begin with the first. Two Supreme Court cases have spoken to Section 285. Octane Fitness, which explained that the statute is generally unencumbered. Does that talk about joint and several liability? Yes, your honor. Okay. Yes. So Octane Fitness explained that the statute is generally unencumbered. But it doesn't talk about joint and several liability. Oh, I'm sorry, I didn't hear your question accurately. No, it doesn't talk about joint and several liability, but it does analyze the plain text of the statute and it said that... But not for purposes of joint and several liability. Correct, your honor. And it looked also to the legislative history, and in looking at the plain text of the statute and the legislative history, it said the statute is unencumbered. It includes no constraints on a district court's discretion. It only calls on the case to be exceptional and consistent with the legislative history of Section 285 and the need for deterrence of frivolous lawsuits such as this one here. I'm sorry, but I know that's where you want to start. But before we even reach the questions of what could be recovered under an exceptional case, shouldn't we first be considering whether the district judge appropriately found there was a disavowal that led to the exceptional case finding? Yes, your honor. I'm happy to address that now. I was going to address that in my rebuttal time pursuant to the Cross Appeal, but I'm happy to address that now if you'd like. So the district court did not abuse its discretion in determining that this case stood apart from others with respect to the substantive strength of Dragon's litigating position. That was the district court's determination. It made that determination on the basis of five separate findings. Those are summarized on A29, Appendix 29. That included six years of prosecution history disclaimer, including, as the court stated, this is the second clearest case of prosecution history disclaimer that the court had ever seen in his time on the bench. It also found that there were those repeated instances of disclaimer. What do you think of the prosecution history? What page of the record would we look to, in your view, for the strongest example of the prosecution history? Yes, your honor. I would begin with Appendix 7067. That's the 1994 response in which the applicant said, Claim 1 has been further amended to recite how the structure of the instant invention begins a recording upon a first actuation of the record key, referring to its claim amendment, which is also on Appendix 76. And then the applicant went on and said, Accordingly, the instant invention is further distinguished from the structure of the SEDA reference, wherein recording in SEDA is continuous and never initiated or stopped. I would also look to Appendix 7069 and 7070, in which the applicant says, It is not clear by any means that SEDA even intends to provide any control at all over the point at which recording or playback begins and ends. The prior art device at best is continually recording and playing back. And importantly, your honor, the plain language of this claim requires actuation after the amendment, requires actuation of a record key to begin recording. And so in view of this plain claim language and the six years of repeated prosecution history disclaimer in which the applicant said, Look, this claim is different than SEDA. SEDA continually records. But the plain claim language, now that we've amended it, says you have to press a record key to begin recording. But I take it that your view is, well, that might be something you're focusing on as well. But they were also talking about a continuous recording and how that was a requirement that that was not something that would fall within the scope of the claims. I understand that. I agree with you, your honor. I think that they were trying to distinguish the prior art on multiple bases, one of which was the presence of a record key or a playback key. Importantly, though, they reiterated multiple times throughout the life of the prosecution history that the claimed invention is different from a continuous recording device. And that reiteration merely confirms the disclaimer here when the disclaiming statements are made over and over again, as they were in this case. And the district court was well within its discretion to look at that disclaimer and look at the plain claim language that says actuate a record key to begin a recording. And then also evaluate the publicly available information to Dragon, which was available before the filing of the lawsuit, which would have confirmed that the accused devices here are continuous recording devices. They do not begin recording upon actuation of a record key. The district court was well within its discretion in looking at that publicly available material. And then as well, another fact that supported the finding of exceptionality is that the district court considered Dish and Sirius's early notice letters to Dragon, in which they put Dragon on notice that these devices are continuous recording devices. They do not begin recording by actuating a record key. So I think the district court was well within its discretion to consider the totality of the circumstances here and find that this case stood apart from the others with respect to the substantive strength of Dragon's litigating position. Yes, Your Honor. Turning back to joint and several liability. Importantly, in addition to Octane Fitness, almost 25 years ago in Nelson v. Adams, the Supreme Court said, although a non-party does need due process under 285, they are, quote, surely not insulated from liability under 285. Was that case dealing with somebody where it was more of a pierce the corporate veil situation? That case did deal with a corporate officer, Your Honor, yes. But importantly here, the court has a long history of finding non-parties liable for Section 285 fee awards consistent with this court's interpretation of- And not attorneys, except for one non-prec that didn't discuss the issue and where it was an appeal. Yes, Your Honor. This is an issue of first impression in which this issue has been squarely presented to this court. I know, but the problem I have is I don't know what to do. The statute here is silent as to whose pockets you can reach into and take the money from. But other statutes are not. 1927 is not. 11 is not. It seems to me not obvious that when attorney fees should be shifted, that they would always be entitled to get them jointly and separately from the party or the attorney. Do you agree with that? Do you agree that there isn't some pre-existing presumption that absent statement to the contrary in a statute, both attorneys and their parties are jointly and separately liable for any attorney's fees? I don't agree that they would always be liable. I think that that is- There's too many words in that. Sorry, Your Honor. I think that it would be within the district court's discretion- In all instances. In all instances, considering the totality of the circumstances, who is the person responsible? You mean 285? I mean all attorney's fees statutes that exist in the world. You think that in all of those, if the statute itself is silent as to whose pockets the money can come from, that it's always the case that it can come from either the attorney or the party? No, I wouldn't agree with that, Your Honor. And I think that's because Section 285 is unique. It's unique because it has the language of exceptionality. But I guess what I'm trying to understand is, is there a general rule? You reject the general rule that they've articulated. They claim that there's a two-step American rule. I don't know about the two-step. But they claim there's a two-step American rule. Step one is attorneys' fees do not automatically shift to a prevailing party. That's what I've always understood the American rule. Then they claim step two, which I think comes largely from this Crescent case, is that also attorneys can't be on the hook for attorney's fees unless the statute expressly says so. I'm not sure about that two-step. But what I'm trying to understand for you is there's a million attorney's fees provisions in the world. Patent law is not unique. What is the general rule about who is liable for attorney's fees when you consider all of those many statutes? There has to be a starting point. And the starting point is either both are potentially liable or only the party is potentially liable. So what do you think ground zero is for the million attorney fee statutes which exist that don't actually specify from whose pockets the money is coming? I don't know that there is one, Your Honor. Having read all of these cases, I'm not aware of there being a presumption other than the American rule. And the presumption of the American rule, as you just said, is parties bear their own fees unless there's a fee-shifting statute. And here we have a fee-shifting statute. So we know from this court's decision in Roman Haas that we're in the land of exception to the American rule. And in that land of there being an exception to the American rule where we have a fee-shifting statute, I'm not aware of there being a presumption that only parties would bear those legal fees. Why do you think in 1927 and in Rule 11 they had to expressly indicate that attorneys could also be held jointly and separately liable? 1927 and Rule 11 are different creatures. I think that Rule 11, they had to specify that only attorneys could be liable because Rule 11 applies to certain parts of a case. They apply to pleadings and motions and things where an attorney is responsible for that filing. Attorney is always responsible for the filings before a court. And that's very similar here to 285, the way that Octane Fitness describes it, where you're considering the frivolousness of a party's position. You're considering the unreasonable manner in which a case is litigated. It's very similar to the acts that an attorney would take under Rule 11. But Rule 11 specifies an attorney because it's limited to pleadings and filings, whereas some of the corporate officers that have been discussed in the case law might not be responsible for the filings. But about 1927, that's talking about, so it multiplies the vexatiousness of the litigation or something like this. I don't remember exactly what the word is, but it's not talking about pleadings exclusively. It's not, but it is talking about, it's not talking about filings exclusively, Your Honor, but it's talking about multiplying the proceedings. And for example, the district court in this case said that the counsel couldn't be liable here because by virtue of its claim construction positions, it didn't render a second claim construction proceeding. Right now, Judge Andrews here, if I remember correctly, said, you know, you made the argument that there should be liability under Section 1927, and Judge Andrews said no. Is that on appeal? I'm sorry, can you repeat your question, Your Honor? Judge Andrews, I understood that there was a motion to have counsel liable under Section 1927. Judge Andrews denied that. He denied that, yes, Your Honor, and that's not on appeal. Is that being raised on appeal? No, Your Honor, that's not separately appealed. So in the context of this case, if the court were to determine that 285 does not preclude reaching out to an attorney in an appropriate circumstance where the attorney is actually acting like a party, but because Judge Andrews already determined that the attorney in this case did not needlessly exacerbate the litigation, and so he wouldn't have held the attorney responsible, isn't that sufficient to just close the door then? I don't think it is, Your Honor, because in multiple instances in the record, Judge Andrews noted that there was behavior he might have sanctioned under 285 of counsel. That's at Appendix 3624. Again, the magistrate judge and Judge Andrews reiterated the counsel's activity that they found potentially sanctionable at Appendix 37, in which Magistrate Judge Hall said she expressed legitimate concern about holding attorneys accountable where they have engaged in blameworthy conduct, and Dish raised this in its prior fee motion. Was that conduct tied, though, to this disclaimer? Why was this case found to be exceptional? The case was found to be exceptional based on five independent grounds, disclaimer being a predominant one. Was the poor attorney behavior tied to the disclaimer such that the attorney is responsible for the reason this was exceptional? We would argue that it is. I don't see that. Because an attorney is responsible for objectively evaluating the claim construction positions they're taking and the prosecution history before filing a lawsuit. But in addition to that, Dish raised other grounds that are completely within counsel's responsibility in its fee motion, and those are things that the district court here, based on its erroneous statutory interpretation, did not reach. Why doesn't Rule 11 do the work for you that you're trying to do here? Rule 11 combined with 285. I mean, you're arguing about objectively looking at the pleadings, and why wouldn't that be something that you would have raised? I don't think our argument is limited to the pleadings, Your Honor, because we pointed out in our briefing below that Dragon and Freitas did. Well, you were just talking about having an objective basis for filing a lawsuit. I'm with Judge Stoll. You were just talking about the fact that they basically did an inadequate pre-suit investigation, which is one of those grounds that you argue. Rule 11 is the perfect vehicle and the vehicle that you're supposed to use for exactly that kind of problem, and it does expressly permit you to get fees from the attorney and themselves. I don't think Rule 11 here, because there are overlapping avenues to relief, I don't think that that precludes us from using 285 in lieu of Rule 11. Indeed, Congress chose a patent-specific remedy in Section 285. Congress chose not to put the word attorneys in there either in 285. It doesn't say that attorneys are going to be liable for those fees. But absent provisions can't be supplied by the courts, and Congress has chosen to make a fee-shifting statute only assessed against a party. For example, in the Copyright Act, when it says shift fees against a party, and Congress chose not to include such a restriction in Section 285. It left the interpretation broad, and it left it to the discretion of the district courts to control the frivolousness and the unreasonable manner in which a case is litigated. And that's perfectly within the district court's discretion here to do so. I know I'm out of time, Your Honor. I'd love to answer a question about what Dish raised below briefly. And that's just that Dish raised the need for deterrence, the personal attacks that counsel made, and the unnecessary and frivolous motions made in this case by counsel below as additional indicia that would support a finding of exceptionality. And we would ask that the court consider that on rebate. But the court didn't – that's not what the district court relied on. No, the district court did not rely on that. So you want us to make a fact finding, which is what this is, that the district court did not make that then would lead to you being able to get fees from the attorneys. It seems like what you're asking for right now is exactly the predicate that you would have needed. Had you been able to get the district court to rule on that crime, you would have had a much better chance under 1927 of persuading the district court. But he didn't agree with you and make that ruling. So you now want us to make a fact finding that he did not make? I think there's adequate support in the record. For us to make a fact finding? We are not the district court. We did not prevail over this entire proceeding from start to finish. And that is what is necessary to make the kind of nuanced assessment that you're seeking. To be clear, Your Honor, I think that what we've asked for in our papers is that after this court corrects the erroneous statutory interpretation of 285 and remands it back to the district court, which we request it to do, that the district court be asked to consider the additional indicia of exceptionality that Dish raised in its brief that would support a finding of joint and several liability here. We think the record supports it. But the problem is he did that exactly as Judge Piazzolingo said in the 1927 context. He already looked at this and under 1927 said that there was no reason to consider fees against the attorneys. We briefed 1927 and Section 285 separately. And I think the additional and at a different time period where the case had materially developed farther by the time we re-briefed 285. And some of the conduct that we pointed to that would establish exceptionality, including personal attacks made against Dish Counsel and the pattern of litigation here, might be appropriately evaluated under the totality of the circumstances under Section 285 rather than 1927. Because I don't believe that those things would unreasonably and vexatiously multiply the proceedings, which is the standard in 1927. And 1927 also requires a showing of bad faith, which is something that Octane Fitness has done away with. I mean, basically, you have a hollow victory here if you win because the plaintiff dragon is a shell, an empty shell. You get zero. They're judgment-proof. So we're reaching out to the attorney because I know you made a policy argument that this sort of relationship where the plaintiff is really an entity that only has a patent. The patent's now been invalidated. There's no property interest there. There's nothing there. The attorney's on a contingency. He's got a motivation to litigate this case, maybe egregiously because he's looking to recover, or she. And there's no brakes on that behavior because they're insulated from recovery because the plaintiff's – there is no plaintiff, really, in this case. So in that circumstance, a judge should have discretion to reach out to the attorney. I would agree with that, Your Honor. This results in a paradox here where an undercapitalized party can file a non-frivolous case and collect fees as the prevailing party for nefarious conduct of a defendant. But a defendant who prevails in a meritless case as this one cannot collect fees from the undercapitalized party, and that's surely contrary to Congress's intent. And the problem I'm having is that it's – you're looking at the attorney. The attorney might be providing the same representation in both cases. In both cases, Your Honor? Well, in your example where there's an underfunded company versus where there's a funded company, where the attorney's behavior is the same. And I don't see any intent from Congress on how I'm supposed to deal with that scenario. I think in both scenarios, an attorney could be liable if they were personally responsible for the conduct. That's been the standard set in the in situ forum case in this court's jurisdiction, whether a person – So we're supposed to determine whether the attorney is personally liable? That's the argument that we have made below, is that the attorney here was personally liable and responsible for the conduct that led to the exceptionality. Here's one thing I just want clarification on. I mean, Judge Fancy Mando made an excellent point about Dragan being judgment-proof and how under those circumstances you could imagine perhaps there is a reason to want to use Section 285 to reach attorneys. But all of what you discussed with her is not in this record. You attempted to supplement this record with a deposition that would have brought to light all of those points. They are not before this court, are they? They're not before this court, Your Honor. So we can't rely on any of that in rendering our decision because that is not in the record before us, correct? That's not in the record, Your Honor. Yes. I know I'm out of time, and I'm happy to address other issues now if there are with respect to the second statutory interpretation, but understand that I'm out of time now. Nope. We'll hear from opposing counsel. Thank you, Your Honors. Good morning, Your Honors. May it please the Court. Given the lack of time and the number of issues, I'm going to sort of focus on a couple points that I'd like to make here. The first one is that I think, as was brought up a minute ago, I think the disclaimer was not so clear and unambiguous as the court found. And even if it was, I think that it certainly didn't rise to the level of being frivolous or having no support in the record whatsoever. I believe reasonable minds could interpret the statements in the prosecution history differently. Okay. Well, let's just start from the premise that is most likely, which is I completely disagree with everything you just said. So move on to your next argument. You would like me to move on from the prosecution history disclaimer argument altogether? I don't agree with what you just said, which is reasonable minds could disagree about whether or not there was a disclaimer. Okay. So move on. Is that all you're here to talk about? Because if that's all you're here to talk about, that's fine. But I'm just saying if you have other points that you'd like to make, those would probably be more useful. Thank you. Thank you, Your Honor. So I do. I think the issue that I'd like to discuss secondarily is that we believe that the district court did not conduct an adequate inquiry into the totality of the circumstances when concluding that this was an exceptional case. As we heard a few minutes ago, the magistrate judge went through essentially five different points in coming to her conclusion, which was then accepted by the district court. When the district court found there was a disclaimer that didn't cover continuous recording devices, the guys immediately rolled over and allowed for summary judgment because you acknowledged that the accused devices were continuous recording devices and therefore could not be covered by this patent. So if it was that obvious that you just threw in the towel at that point and didn't even try and make some sort of distinguishing argument as to the accused devices, where's the abuse of discretion in finding that you should have recognized that from the get-go? I think if we had have done that, I mean, we recognized from the outset, again, I wasn't personally involved in the district court action, but what happened once the prosecution disclaimer was found, I think the plaintiff knew that the accused devices were continuous recording devices. I think going in the face of a prosecution history disclaimer saying that we disclaimed continuous recording devices would have got us into an issue with frivolous further litigation that might have multiplied the proceedings going forward. I think what the plaintiff did was reasonable in taking its legs, finding it lost on the issue that it thought it could win on, it thought reasonably it could win on, and then stipulating to a judgment of non-infringement and attempting to take it up to this court to get further input on whether the disclaimer finding was correct. Of course, that never happened because of the mootness issue, and Judge Andrews eventually vacated the judgment of non-infringement. I think the issue we have here is that now we are up on an appeal that has treated effectively this prosecution history disclaimer issue as one that is fully resolved, and some statements that Judge Andrews made associated with the disclaimer, being that this was the second most clear case of disavowal he had seen, was taken as gospel and used as the basis for finding their 285. Didn't Judge Hall look, there's a long footnote in her opinion where she actually says, I agree with Judge Andrews. And so, to the extent you're concerned that this court is going to say, oh, because Judge Andrews said it's the second closest we've ever seen, we're not going to look at it, please be assured we've looked at the prosecution history. Yeah, so I think, first of all, it was done in a footnote, right? But it's a long footnote. It is a long footnote. It's on a whole page, so in some ways it's longer than a regular opinion because it's single spaced. I think what it's telling here is that the magistrate judge said, I am not going to review Judge Andrews' finding of disavowal. And you guys briefed it extensively, whether or not there was a disavowal. Well, it's here. I understand DeNovo. We've looked at it. We'll make our decision on it. And I actually want to reach the IPR issue on the fees if we can move to that. Sure. Is that okay? Do you want to address that, their request to recover their IPR fees as part of the exceptional case? In fact, especially the case with the AIA and the creation of IPRs, the whole system was created to have a sort of supposedly cheaper means to move forward with trying to invalidate a patent that wouldn't incur all the costs associated with other district court litigation, like discovery and things of this nature. And I think to then, after the defendant or party has made the choice to pursue IPRs, and especially given that the IPR schema does have some allowance for attorney's fees and certain provisions, I think to take fees that were voluntarily undertook in a separate administrative court and to try to recoup those in a district court, when the purpose of going to that other administrative court was to save on fees. Does the defendant really voluntarily undertake their affirmative defenses of invalidity? I mean, your client sued them in district court. They have, if they don't assert their invalidity defenses, they're going to waive them. They asserted them but then took the avenue provided to them under the AIA to have that litigated in the patent office. And there are a lot of reasons, not just necessarily expense saving, but time and expertise and not having jury deciding invalidity issues. And the court gets benefit in the underlying litigation by having that decided with outcomes that parties are bound by. It's inextricably intertwined with the ongoing litigation. And in this case, it made them a prevailing party. So why not let them recover those fees as part of this litigation, as a subset? They didn't go there voluntarily before the case was filed and challenge this patent. That might be a different set of circumstances. But they went there as an alternative, a binding alternative on the outcome in this litigation. It's part of the litigation. See, I guess that's where I disagree. I don't think it's part of the litigation at all because they do have the ability to put forth their affirmative defenses of invalidity. And, in fact, counterclaims of invalidity if they want to before the district court. And they chose to pursue a different route, which under Webb versus Board of Education, making that choice, I think, is the difference. Now, there are cases like the PPG case, which says when something is not voluntary, reissue proceedings, for instance. Then it's a different consideration. But here, I think that the defendants certainly have the choice to. And, in fact, other parties like Apple, in this case, initiated IPR proceedings. So these are proceedings that are separate and apart from the district court litigation altogether. And we're not necessary. What about the Amniel case? That's a presidential opinion in this court. Do you think that that resolves this issue? I'm sorry, which case? The Amniel case. Amniel case. That's an opinion holding that Section 285 doesn't allow the award fees for work done in an IPR. It was in a particular context. Yeah, so we looked at that case. And I do think it's consistent with what we're asking the court to do, is to say that those are not recoverable. In this case, I think it's a little different, of course, because IPR proceedings are separate and, I would say, voluntary. I don't want to underplay the importance of the fact that all of the available remedies at the PTAB are also available at the district court. And there was a choice made to go to the PTAB, which, as I think is commonly understood, may be an easier route for defendants to invalidate a patent. Which, once they made that choice, I believe they should not be allowed to come back and then recoup those fees at the district court level. And your opinion is that should be just a per se, black line, just a firm rule, never get IPR fees in any case, regardless of the circumstances? I think it should be a firm rule until Congress says otherwise. What about your emphasis on the voluntary nature? I thought you were saying, I thought you were actually saying, I misunderstood. I thought you were saying sometimes there could be circumstances where attorney fees could be awarded for IPR work, but not in this case, because the choice to go to the PTAB was voluntary. Am I misunderstanding your argument? I think those are one and the same. I think that going to the IPR is always... Yeah, I'm just saying, what if it was involuntary? It would never be involuntary. It sure is. The patentee goes to the PTO involuntarily, they're dragged there, and then they win. Why can't they get exceptional case fees? I'm sorry, in what situation would this be? The patent holder says, you know what, while my case is pending in the district court, I'm going to file for IPR and stay my case in the district court. Oh no, forget filing! Sorry, didn't mean to cut you off. But suppose in this case, the patentee is dragged into an IPR and wins. Suppose the patentee won, they didn't lose. They were involuntarily dragged into an IPR against their will. Are you saying they can't go back to the district court and then ask for exceptional case attorney fees for having been forced to litigate this in the IPR? So I don't think I'd go that far in the scenario you just presented. I agree, if they're dragged in involuntarily. So it's not that it's a different forum, it's whether you're there voluntarily or involuntarily that decides whether or not it can be incorporated into an exceptional case finding? So I think the PPG case has already decided that if it's not voluntary, if it's involuntary, it could be appropriate to award fees. I don't think that's the case here. So I'm not trying to say that that case was wrong. So there are certainly circumstances where it's involuntary, and I just, quite frankly, didn't think the situation you just brought up. I understand what you're saying, and if they're dragged in against their will directly as a result of the district court litigation due to the patentee's own acts. But that's exactly what happened in PPG. But the whole reason that we allowed attorney's fees in that reissue case was because their participation was mandatory. So I don't know why you wouldn't have thought of it, because it's actually already been decided that way. No, the specific scenario of a patent, I've never heard of a patentee initiating an IPR proceeding in my 20 years of practice. And I heard that that wasn't about a patentee. No, yeah, I'm sorry, that was mine, that was hers. I was just saying that in this case, DISH took them to IPR. If Dragon had won in the IPR, not DISH, and also ultimately got an exceptional case finding, you would be arguing that they could get their IPR fees as well for defeating the invalidity findings in the IPR as part of the overall case. Because they had to go there involuntarily, although if you roll the clock all the way back, they started the whole thing, and so it's all voluntary on their part. Yeah, I understood. I can't say that I would necessarily do that, but I can see a scenario where that would happen. And I think you'd have to be considered on the merits at the time, given the facts and circumstances. Okay, I think your time is up. Thank you. Thank you. We'll move on here from the other player now. May it please the Court. Chief Judge Moore asked a question about whether there's a ground zero, and how lawyer liability for attorney's fees fits in across the broad range of fee-shifting statutes. There is a ground zero. There's an established presumption that when lawyers aren't mentioned, lawyers aren't in. Where does that come from? It comes from roadway. It comes from cases such as Crescent City and the other cases that we've cited. But that's just one regional circuit case and a couple of district court cases. Well, it's more than that, Your Honor. We cited several cases, but when you were speaking earlier, Chief Judge Moore, you made reference to a two-step American rule. In Crescent City, that's how the Court explained it. I know, but I've never heard anybody other than that one fourth circuit case explain it that way. And I don't count the district courts. Well, first of all... I didn't disrespect her, which is good, right? I get it. No, I just mean the American rule is so ingrained. It's been referred to by the Supreme Court many times. It's been referred to in many treatises. It's a well-known concept. You suddenly turn it into a Texas two-step, or maybe Crescent City did. But that's one circuit court that has turned what I've understood the American rule to be into a two-step, which I never understood it to be. So the fact that some district courts have followed on to what Crescent City has said doesn't suddenly take a concept that is well ingrained in our legal jurisprudence for decades, if not centuries, and turn it into a two-step. Your Honor, there's more to it than the idea of a two-step. There's a presumption that when lawyers are not in explicitly, they're out. What is the worst outcome of that? Do you have a Supreme Court case? I understand what you're saying, but we're just looking for what is the best support for that, since it is a strong argument in your favor. It starts with Roadway, and it goes through all of the other cases. I understand. You've got Roadway and Crescent City. Do you have anything beyond that? I'm sorry, Your Honor? Is there anything else besides Roadway and Crescent City? The other cases that we cited. I mean, that are either the Supreme Court or something showing congressional intent? I don't think there's another Supreme Court case that makes the point about the presumption. But neither do I think that the presumption's in doubt. When you say another, what is the first Supreme Court case? Roadway. And Roadway says what exactly that leads you to conclude that there is a presumption about attorneys and whether they're in or out. In Roadway, on page 762, 763, the court was discussing the problems that were associated with the construction that was presented by the party seeking to And what the court said is, Under Roadway's view of section 1927, lawyers in cases brought under those statutes would face stiffer penalties for prolonging litigation than would other attorneys. There's no persuasive justification for subjecting lawyers in different areas of practice to different sanctions for dilatory conduct. A court's processes may be as abused in a commercial case as in a civil rights action. Without an express indication of congressional intent, we must hesitate to reach the imaginative outcome urged by Roadway, particularly when a more plausible construction flows from the original enactments. But that case was a 1927 and a Federal Rule of Civil Procedure 37 case, correct? Yes, Your Honor. Both of them expressly say lawyers can be held jointly and severally liable. So the fact that the Supreme Court came along in a Federal Rule 37 case, which expressly says lawyers can be held liable for the conduct, and concluded it wouldn't deviate from the rule that was at issue in the case, and say lawyers couldn't be held liable, does not mean it stands for a presumption that lawyers can in all circumstances, when we're not in 1927, when we're not under Rule 37, automatically incorporate into the American rule the idea that lawyers can or could not be held liable. Your Honor, we cited the Peer case from the 11th Circuit, 2021, the Tejero case from the 5th Circuit. And by the way, I just want to point out this giant presumption that you said flowed from Roadway preceded the Crescent City case. And the Crescent City case never mentions Roadway anywhere in it. Crescent City was the first case to do this. And if Roadway from the Supreme Court was so clear that there exists a pre-existing presumption, don't you think the 4th Circuit would have mentioned it as opposed to sort of creating this out of whole cloth on their own? Well, by the time these things are being addressed, Your Honor, there's different things that are going on. But we cited the 11th Circuit, the 5th Circuit, the 11th Circuit again, the 10th Circuit, the 9th Circuit. Can we focus on 285? Because 285 is pretty broad in its plain language. Veiling party can recover fees in an exceptional case. Doesn't say against who. It just blankedly. You're saying there's a presumption. It doesn't include lawyers. Most presumptions are rebuttable. So the things that a district judge is supposed to look at in finding a case exceptional is based on their experience with cases. Is this case exceptional? So we're not just fee shifting because you won. There has to be even a higher threshold for that. And among the things they can look at are the meritlessness, the frivolousness of the filing, as well as the way it was litigated. And the way it was litigated really falls on the shoulders of counsel for the most part. Because isn't it counsel's responsibility if their client's saying do something that gets chalk on your toes, is crossing the line? You're supposed to say no. I have ethical responsibilities not to do that. So if the behavior of counsel can be grounds for finding a case exceptional, then why would it necessarily preclude reaching out to counsel for recovery in every instance? This case may not be that instance because the judge made some of those conclusions and found that there were violations under 1927. But in every case, you could never reach out and say counsel's behavior here also made the case exceptional. So counsel should have some responsibility for the recovery of costs and fees. There's two different issues there, Your Honor. The first one is the question of who's subject to the statute. And that doesn't vary with the facts. So the point Your Honor's making about the specifics of what triggered exceptionality isn't relevant to the underlying statutory question. Here's the problem. I think like Judge Brins and Bingo, I see this statute as silent. The copyright statute says one thing with regard to attorneys. 1927 says another thing with regard to attorneys. What's the other one? Rule 11 says attorneys, right? That was the other one I was thinking of. Even Rule 37 talks about attorneys, federal civil procedure. So there are lots of statutes and or rules that discuss whether it's parties only, parties plus attorneys, attorneys only, whatever. There are lots of rules that discuss it. Here we have a rule that is dead silent. Why don't we interpret that rule as saying that it's dealer's choice for the judge? The judge gets to decide who is responsible for the case being exceptional. There are several reasons why not. We begin with the presumption, but let's move away from that. Let's take a look at the statutory history here. We recounted it in our brief. Judge Hall relied on it in her analysis. When the portion of the statute addressing attorney's fees was enacted, it was part of the broader statute that allowed the recovery of damages. And by the way, Your Honor, there are lots of statutes that talk about recovery of damages, including Section 281, that don't say lawyers are out. So if we're going to say that the absence of lawyers supports an inference that they're in, we've got much bigger problems to address. What's 281? I don't know what you're talking about. The infringement statute. That's 271, right? Am I correct? No, you're right. 271, excuse me. My mistake. But let's go back to the history here. When the statute was originally written. But that's damages. 271 infringement is damages. Your Honor, I'm talking about something different. Why would attorneys be liable for the damages that they're part of? Indeed, Your Honor. When this statute was enacted, there was no separation between attorney's fees and damages. As you point out, Chief Judge Moore, lawyers wouldn't be liable for damages when attorney's fees was included in the original statute. It was included with damages. As Judge Hall explained, that made it clear that lawyers weren't subject to liability for fees. The subsequent developments of the statutory history show that no change was made. The original enactment did not cover lawyers and nothing was changed. Octane says so. Octane says when Section 285 was codified in 1952, there was no change to its substantive reach. But it was changed to where it was located. Pardon me, Your Honor? It was changed to where it was located within the statute. That's all that happened. That's correct. So we had a statute that awarded damages and fees. It didn't apply to lawyers. One chunk was cut out. It was put somewhere else. Judge Hall went through this analysis. And she explained that the history doesn't support a conclusion that there was a change. Indeed, in this case, Dish was asked, is there something in the legislative history to which you can point? The answer was no. Do you have anything further? No. Do you have anything further? Okay, thank you, Counsel. Your time is nearly up. Thank you. All right, Ms. Dreyer, I'm hesitant to do it, but you get all sorts of things to do all the time because they might overcome it. Thank you, Your Honor. Please don't use that. I won't use it all. I just had a few things to say. I wanted to correct something I misstated earlier, which is that there's no record evidence that Dragon is an undercapitalized entity. And I misspoke because we raised this in the motion to the District Court. This is at Appendix 3980 through 84. The record was not as developed as it is. Okay, got it. Move on. I want to hear you respond to what we were just talking about. I want you to pick up where we left off. I'm trying to figure out whether 285 applies to and can, in some instances, by the District Court, depending on the basis for which a case is deemed exceptional, allow the District Court to hold attorneys jointly and severally liable. Pick up where that is. Yes, I would agree with that because that's what the Fifth Circuit did in Alliance for Good Government in interpreting the parallel, the nearly identical, I'm sorry, not the identical fee-shifting statute in the Lanham Act. But in that case, I just want to make sure I understand. In that case, I read it as that lawyer might have been signing papers, but was also found to be a principal. Isn't that a very important difference? I don't think it is an important difference because the Fifth Circuit majority opinion acknowledged that it was her actions taken in her representation as the party's attorney in signing and filing them. But also emphasized that she was a principal. And that's the position that DISH has maintained all along, that Dragon's Counsel here has been individually responsible for many of the indicia that lead to a finding of exceptionality. And the statute is broad and permits the District Court's discretion to consider that. I also wanted to briefly address the discussion about IPR fees and just note that... I don't think she addressed it yet. I wanted to ask you about that. Go ahead, but I really want to hear more because what I'm struggling with is... Yes, Your Honor, I'll make it brief. I'll let you use all six minutes. I'll even give you more minutes. Yes, Your Honor, I'll be brief. I have a question. Here, you did have a choice. It was voluntary for you to go and seek the IPR petition, right? You agree with that, right? I agree that it's voluntary. I don't agree that IPRs neatly fit into this mandatory versus voluntary distinction. And there is Supreme Court precedent in Delaware Valley, which is cited in Sullivan, for which the Supreme Court has affirmed a fee award for a completely optional administrative proceeding. The Third Circuit did that as well in Kenan v. Philadelphia. That was an optional arbitration proceeding. How do you distinguish Amnil? Amnil involved a patent... I'm sorry, an IPR that was filed first and then a district court litigation that occurred after that. There's a lot of other discussion in that case, though. There is. This pertains to the question of whether you could ever recover attorney fees for IPRs, right? Yes, but Amnil discussed Sullivan, for example, and the standard articulated in Sullivan and said that Sullivan and PPG... Our precedent already existed with regard to attorney's fees prior to the IPR scheme. If Congress wanted you to get attorney's fees in these kinds of circumstances where it is, in fact, voluntary, and it is voluntary, there's no question about that, then they could have added an attorney fee provision to the IPR scheme. They could have added it right there. They could have allowed you to get them and say... or they could have said you get them if it's in conjunction with a district court litigation, if you've been pre-sued. Or they could have just allowed them in an IPR context. Congress could have done this. They were legislating against the backdrop of the knowledge that we did not allow recovery of fees in situations that were voluntary. I disagree, Your Honor, because when Congress enacted Section 285 in 1952, it also had Section 23 of the Patent Act in 1952, and that referred to cases. It referred to cases at the Patent Office. So it used that language broadly, and so it didn't need to enact a new fee-shifting statute for cases at the PTAB because, consistent with PPG, the court had long interpreted that fee-shifting awards could be permitted. Yes, but we said only when it's involuntary in the re-exam case. I agree. The word cases is not the basis upon which you may lose on this point. If you lose, it's the voluntary, involuntary nature of the proceeding. I think in PPG, Your Honor, what the district court had said is that the reissue was not voluntary. I think the quote they used was in the strictest sense, or not mandatory voluntary, in the strictest sense, and PPG acknowledged that the reissue fell into that sort of category. But what it analyzed was whether the reissue replaced the district court proceeding, whether the parties would be bound, whether the same type of work would have been performed had the case proceeded to trial. And those are the same distinctions that this court in Amnil recognized in talking about PPG and talking about that narrow class of cases that Sullivan, the Supreme Court Sullivan decision discussed, in which fees can be recovered. And so we think that this case falls within the PPG and Sullivan line of cases in which an optional proceeding under a district court's discretion could be committed. One concern I have is a practical one. So Octane also emphasizes that the district court is in the best position to determine whether something is exceptional or not because they're in the day-to-day running of the case. That's not so with an IPR. The district court knows nothing about what happened at the IPR. How is the district court supposed to know whether the behavior or the litigation during the IPR was exceptional? Here, Your Honor, we raised in our fee motion that there were inconsistent positions taken on claim construction between the district court and the IPR. And the district court had the record of the IPR before it. Yeah, but what you're asking us to do, okay, so just to be clear, every single patent litigation has a companion IPR in it, all of them. Do you agree that that is probably likely very close to true? Yes, Your Honor. Okay. So what you're now asking for is every time we're thinking about attorney's fees, any time an IPR is successful, you're going to have the district court being put in what Judge Stoll was just articulating, the very awkward position of trying to evaluate the exceptionality of what was argued and decided not in his or her forum, but in an administrative forum. It sounds like I'm creating an effing nightmare. I think 285 is the exception. It's not the rule, and it only occurs in the rare cases in which there's frivolousness and an unreasonable manner of litigating. With all due respect, every time you guys win, that's what you claim. Okay, but let's look at the circumstances in this case. Exceptional case finding isn't based on what happened in the IPR. It's based primarily, it's based on the initiation of a lawsuit from the get-go. And so everything that flows from that, whether it's defending, it's claim construction, it's taking your invalidity case to the patent office in lieu of doing it in the district court. So when the judge is determining that the case is exceptional in this context because the case was filed when there was apparently no merit because of this disavowal, how much should you recover, whether you sweep the IPR in as well, where they prevailed. So there's at least grounds for saying, yes, it wasn't a waste of time. You didn't lose there. It doesn't have to find it exceptional there, just part of the overall litigation. Context, I think, that Chief Judge Moore is talking about is what if the only thing that happens is the IPR, the defense wins there and wants the district judge to find the case exceptional based on what happened in the IPR. And unless it's really obvious like somebody lied on their application, you're not going to make that finding as a district judge because you weren't there. So maybe in that context, you're not going to get fees. But a bright line rule that you can never recover just seems too, for me, a little too. Judge Piazza-Domingo is arguing your case better than you are. An excellent job, an absolutely excellent job. I completely agree with Your Honor. And I would argue that the reasonableness of the fees and the correlation of the fees. In this case, the exceptionality is based on the disavowal for the most part, right? I don't agree. I think that there were five facts that supported the finding of exceptionality. What was adopted other than the disavowal? The publicly available material. This is summarized on Appendix 29 of the court's opinion. But the publicly available materials that confirmed that the products operated as continuous order. But that ties to the disavowal. You said they don't cover continuous recording. You had to know we were continuous recording. It's tied to the disavowal. All of the arguments are tied to the disavowal. The PTO decided there was a disavowal, correct? No, Your Honor. The PTO decided obviousness of the claims. Well, one other thing related to this. Another concern I have with this notion that IPR fees should be recoverable is the IPR process is not an exact substitute for what you would have done in the district court. There are advantages, are there not, of you going to the PTO rather than litigating this in the district court. The biggest one of which is the burden of proof. In the PTO, you get to go from a preponderance of the evidence standard. How do we know that in the district court you would have prevailed and been a prevailing party in a district court litigation on validity under the clear and convincing standard? In this case, Your Honor, we prevailed in the IPR and we were a prevailing party under 285 by virtue of prevailing in the IPR. But for exceptionality, how do we know that the decision that was reached in the PTO, which was under a preponderance of the evidence standard, which is way lower than the clear and convincing evidence standard, shows that your same arguments would have been deemed exceptional and that you would have prevailed on them under the clear and convincing standard? I think that might be mistaking the arguments that you need to prevail to create a material change in the relationship between the legal parties, such as invalidity, and the arguments that you need to establish to show that the case is exceptional. And preponderance of the evidence is the standard needed to show a case is exceptional. It can include filing a frivolous lawsuit. It can include unprofessional behavior. But that's not what the basis was here. The basis here has to do with exactly why you prevailed in the IPR. But what if you wouldn't have prevailed in the district court given the different burden that you had there? Why should you get exceptional case fees out of a district court judge? And worse yet, why should the district court judge have to second guess whether the outcome would or would not have been the same under the different burden had he or she had to decide the issue or a jury decide the issue? The PTO was meant to create a more expeditious and easy way for you to go after potentially bad patents. And they opened the door to allowing you to do it under a much lower burden. Why is success there a proxy for even victory in the district court, much less exceptionality? I think that this is what makes it difficult to create a bright line rule because we prevailed twice in two different ways. We prevailed by invalidating the patent at the Patent Office. We also prevailed by a stipulation of non-infringement based on the disclaimer, based on the plain language of the claim. But the district court judge thought about all of that, right? Correct, Your Honor. And the district court focused its analysis on the disclaimer. The standard for establishing infringement is preponderance of the evidence. But you got exceptionality for all of the stuff related to the district court. Correct, Your Honor. We got exceptionality under preponderance of the evidence standard, but it would have been the same standard had we litigated infringement in that district court. You may not have even won in the district court. You may not have prevailed on validity. That's correct, Your Honor. That's correct. But why should you get fees on something? And your answer might be, well, the district court should re-litigate or reconsider all the things we won on under the Promise Editor standard under Claire's convincing to decide it would still be a prevailing party under that and then also decide whether it was still valid or even exceptional. That is, again, unworkable. I agree that's unworkable, and I don't think that that's consistent with this court's case law. For example, in the SFA NEWAG decision, the court said, we need not litigate an issue to an issue a district court need not be correct on an underlying issue of law in order to find the case exceptional. And in the ThermoLife case, we need not litigate an issue to final judgment. You know what we've said over and over again with these attorney's fees cases is we're going to give an enormous amount of discretion to the district court judges because they're the ones that hear it. They're in the trenches. They're doing it. They're living it. I'll be honest. I don't know how many exceptional case findings that have been appealed to me that I've ever overturned. I'm sure there's some law professor out there that'll soon let us all know when Pat and Leo what that number is. But I doubt that there's very many. And that is because of the super-duper discretionary nature of it all. But now it feels like in a lot of these exceptional case findings, what really bothers me is you all come and you complain that the district court should have done some sort of redo of all the things it didn't do in order to conclude that the originally asserted positions should have been deemed exceptional. But I feel like this is much the same. You're asking us to adopt a rule in which district court judges are now going to have to evaluate conduct, behavior, and an outcome in a proceeding they had no involvement with and determine whether a fee should be awarded for that in their forum, which would have evaluated the same exact issues under an entirely different burden of proof. I think there shouldn't be a bright line rule. I think it should be within the court's discretion to determine whether there is inconsistency between the arguments made at the PTAB and the arguments made at district court. And there may be other instances in which there is conduct that happens at the PTAB that would support a recovery of those fees as reasonable. If I do what you're asking for, floodgates will open. As you agree with me, every case has an IPR. Floodgates are going to open. District court judges are going to have to somehow dig in and reassess whatever happened at the PTO in the context of their cases. District courts have been doing that, Your Honor, in the context of covered business method reviews and inter-parties reviews already. There's different district court decisions that we cite in our papers. Those are minimal. IPRs are all litigations. Almost all. I have some that they didn't file IPRs in. But in the context of whether or not the judge should be able to consider whether the IPR fees should be included, would you suggest factors that we could say, well, these are things you might evaluate as a district judge to determine whether IPR fees should be recoverable in this case? Was it a district court litigation that had already been initiated and therefore you opted? Did the judge stay the case so you could do the IPR in the expectation it was going to substitute for taking up time and effort and judicial resources? Did the IPR result have really contradictory claim construction issues that are so blatantly just opposite of arguments that were made in the district court that you would say it was bad faith? Was there a determination in the IPR that they lied in getting the patent and therefore it was a bad thing? There are so many moving parts here, and yes, it does create work, but to just say, no, you don't get them at all, may not be the right answer. Once again, Your Honor, you're arguing it better than I can. I appreciate that. Which is that I think factors would be helpful. Just out of curiosity, did you make any of those arguments? Yes, Your Honor, we did. Really? I would love to see on what page in your brief, would you like me to have Mike read back all of the arguments Judge Biancinbego just made because I didn't see any of those. Our argument for an articulation of factors that the district court should consider, no. We erased below. Or any of the factors that she articulated. In our fee motion. I think the answer is no, I didn't make those arguments. I'm sorry, I'm going to make sure I answer the question correctly. We didn't argue for that this court should articulate factors. We looked at the PPG case and the Amnil case, and we argued to the district court below that there was an inconsistency between the PTAB proceeding and the district court proceeding that the court should consider. Did you argue to us on appeal any of what that judge just said? I think we did, consistent with what I was just describing. Let me get you a... You know what, we're way beyond our time. I'll speak it up later. I'll be clear. We did not argue any of that. Okay, if I'm mistaken, I apologize for that, Your Honor. Okay, case is over. Case is under submission.